

FILED
JAN 06 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

| | |
|---|---|
| ROBERT GLEN PLEBST, | Cause No. CV 11-175-M-DLC |
| Petitioner, | |
| vs. | ORDER OF DISMISSAL |
| STATE OF MONTANA; UNITED STATES DISTRICT COURT, | |
| Respondents. | |

On December 29, 2011, Robert Glen Plebst submitted a "Notice of Intent to File Appeal" from a decision of the Montana Supreme Court. Plebst is a state prisoner proceeding pro se.

A federal district court has no appellate jurisdiction over a state court. *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1078-79 (9th Cir. 2000) (en banc). Because Plebst alleged "some" grounds for relief in the Notice, the Clerk of Court filed the "Notice of Intent" as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

1

Plebst, however, is complaining about an ongoing postconviction appeal in the Montana Supreme Court. Notice (doc. 1) at 1 ("I'm to have a brief in now by Jan 20th 2012"); *see also Plebst v. State*, No. DA 11-0516 (Mont. filed Aug. 24, 2011). Federal courts do not interfere in ongoing state proceedings "except under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987) (citing *Younger v. Harris*, 401 U.S. 37, 46 (1971)). The prospect that Plebst may lose his postconviction appeal is not irreparable, nor are the circumstances he alleges extraordinary.

Although Plebst may not appeal the Montana Supreme Court's decision to this Court, he may file a petition for writ of habeas corpus after his state remedies have been exhausted. A certificate of appealability is not warranted for this wholly unexhausted petition. *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

**ORDER**

1. The "Notice of Intent to File Appeal" (doc. 1), docketed as a petition for writ of habeas corpus, is DISMISSED WITHOUT PREJUDICE;

2. A certificate of appealability is DENIED; and

3. The Clerk of Court shall immediately enter, by separate document, a judgment of dismissal without prejudice.

DATED this 6th day of January, 2012.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court